COXE (MARKOE v.). See Case No. 9,092.

---

## Case No. 3,311.
### COXE v. PENNINGTON.
[1 Wash. C. C. 65.][1]
Circuit Court, D. Pennsylvania. April Term, 1803.[2]

INTERNAL REVENUE—DUTY ON SUGAR.

Whether, under the provisions of the act of congress of 5th June, 1794, sugars, remaining in the place in which they were refined, when the law was repealed, were liable to pay the duties.

[See note at end of case.]

This was a feigned action, brought [by Tench Coxe against Edward Pennington] as upon a wager, to try the question whether sugars refined before the 30th day of June, 1802, and then remaining in the house where they had been refined, were subject to the duty of two cents per pound, imposed by the act of 5th June, 1794 [1 Stat. 385]? Demurrer to the declaration.

Mr. Dallas, for plaintiff.
Rawle & Ingersoll, for defendant.

WASHINGTON, Circuit Justice. The act, which passed on the sixth day of April, 1802, for repealing the internal taxes, discontinued the duty upon refined sugars, amongst other

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]
[2] [Reversed in Pennington v. Coxe, 2 Cranch (6 U. S.) 33.]

articles, from and after the 30th of June, 1802; and repealed the laws which had imposed them, except as to the recovery of such of the duties, as on that day had accrued and remained outstanding; as to which, the provisions of former laws were left in full force. The question then is, whether upon refined sugars, not sent out of the house where they were manufactured, on or before the 3d of June, the duties had accrued and then remained outstanding?

On the part of the plaintiff it is contended, that the duty accrued upon the sugar, as soon as it was refined, though the payment of it was to depend upon the act of sending out the sugar. On the other side it is insisted, that the duty did not accrue until the refined sugar was actually sent out. There is considerable difficulty in the question; but after the best consideration which I have been able to give it, I am inclined to favour the construction contended for by the plaintiff's counsel.

To decide this question, we must look not only to the fair and legal construction of the law imposing this duty; but it will be useful to take a wider range, and compare it with the general system of duties and excises imposed upon other subjects. The second section of the act of the 5th of June, 1794 (volume 3 of the laws of 1794), declares, that "after such a day, there shall be levied, collected, and paid, upon all sugar refined within the United States, a duty of two cents per pound." In like manner certain duties are imposed by other laws, and to be collected, levied, and paid, upon imported goods, spirits distilled within the United States, upon sales at auction, &c., &c.; in all which cases, an event is fixed upon which the duty accrues, a mode provided for ascertaining the subject on which it is imposed, and a time of payment clearly pointed out. On imported goods, the duty accrues on the importation, and is to be paid at a future day. On sales by auction, the duty accrues on the sale; the amount of the sales, and consequently of the duty, is ascertained by the book of entries and quarterly report, which the auctioneer is required to make; but no time of payment is allowed, because the auctioneer has received the duty before he is called upon to pay it. Upon distilled spirits, the duty accrues upon the spirit the moment it is distilled, and payment is to be secured before it is removed; but the duty is not demandable, until nine months after the date of the bond; and then only upon so much spirit as had been removed within three months after the date of the bond. Here, then, in language nearly the same, and upon a principle precisely parallel, the duty of two per cent. is imposed, and to be collected and paid, upon all refined sugar. Sugar refined within the United States is the subject of the duty. So are spirits distilled within the United States. To ascertain the value and amount of those subjects of taxation, certain cautionary regulations are made. The sugar refiner is to report his house, and the implements employed in his manufactory. He is to enter in a book, to be kept for that purpose, all the sugar which he shall refine from day to day, and also the quantities which he shall send out from time to time. He is also to make reports, quarterly, to the proper officer, of all refined sugar which has been removed from his house during the last preceding three months; producing at the same time, for the inspection of the officer, his book of entries, that it may be compared with his report. Now the removal of the sugar is a mere circumstance, of which the quarterly report and book of entries are the evidence. The report of this circumstance is required, for what purpose? That the duties which had accrued upon the sugars refined, and noted in the entry book, and which having been removed are liable to be demanded, may, when the report is made, either be paid, or secured to be paid, at a future day. What has the circumstance of sending out the sugars, to do with the essence of that which constitutes the subject of the duty? It is important as it respects the time of payment, but is unconnected with the debt before incurred either by the words or spirit of the law. Not by the words, because the second section of the law imposes the duty not on refined sugar sent out, but on all refined sugar. To connect the circumstance of removal with that, which by this section is made the subject of the duty, we must read the second section as if it had declared, that the duty should be collected and paid upon all sugar refined and sent out. Not by the spirit of the law, if it be fair to consider this law as a part of a general system; because throughout that system the subject of the duty on which the obligation to pay arises, is separated from the circumstance, by which the time and mode of payment are prescribed. By construing the law in this way, no violence is done to the words of the legislature, and the same harmony is preserved, which marks the order and arrangement of the different sections and clauses of the law. What reason can be assigned, why the right of the United States to the duty should not attach upon sugar and snuff, as soon as refined or made; and yet in all other cases, it attaches at a period antecedent to that when payment is to be made or secured? With respect to distilled spirits, payment cannot be demanded before removal. But will it be said that the duty has not accrued before the removal, though the time of payment be postponed? The distiller must give bond to secure the payment, before removal. Will it be said that this duty, if not paid on the 30th of June, 1802, was not outstanding, because on that day the spirit might not have been sent out? How does that case differ from this? In that, the bond is given before removal; in this, it is given afterwards. But the law, in the latter case, imposes an obligation as imperious as the bond in the former case. If it be said that the duty, had accrued

in the one case, but not in the other, I would ask, upon what principle could the legislature intend to make the distinction?

It was said at the bar, that as the house containing the sugar might be burnt down, or the sugar might melt, the legislature did not mean to impose the duty whilst it remained liable to those accidents. I ask, are not distilled spirits subject to the same perils? But the conclusive answer is, that though the duty had once accrued, and had become a debt due, yet it cannot be demanded if it be destroyed before removal, because the event, upon which the solvendum is made to depend, can never happen. It was said there were two contingencies, viz., refining and sending out, both of which must happen before the duty accrues. I admit there are two contingencies, on the happening of one of which the duty accrues, to be demanded when the other shall happen. If this construction of the act of 1794 be correct, it furnishes a ready answer to many of the ingenious arguments used by the defendant's counsel. For then the remedy is not gone, but preserved by the repealing law, and of course the right remains. The repealing law, which professes to discontinue the internal taxes, is not, under such a construction, broader than the law which imposed those taxes.

As to the argument, that according to this construction, it would be in the power of the sugar refiners, by keeping on hand a small portion of refined sugar, to impose upon the government the necessity of keeping in office a number of officers, upon salaries, to collect the duties; there are two answers.—First, that the sugar refiners could have no motive for such conduct, and therefore it is not to be presumed; but secondly, the president is authorized to diminish the number of those officers, to any number he may think proper to retain, by consolidating the districts. Judgment for plaintiff.

This case was taken by writ of error to the supreme court of the United States, and the judgment of the circuit court was reversed [Pennington v. Coxe] 2 Cranch [6 U. S.] 33 [the court holding, Mr. Chief Justice Marshall delivering the opinion, that sugar sent out of the factory prior to July 1, 1802, but not sold, was not liable to the duty].